**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**BRIT UW LIMITED**                                               **CIVIL ACTION**

**VERSUS**                                                        **NO. 18-3850**

**GEORGE ALLEN HERO, ET AL.**                                     **SECTION "B"(2)**

### ORDER AND REASONS

Before the Court is a motion, filed by Defendants George Allen Hero, Patrick Hero dba Numa C. Hero & Son, Ltd., and Numa C. Hero & Son, LLP, to dismiss or stay Plaintiff Brit UW Limited's complaint for declaratory relief. Rec. Doc. 8. Plaintiff filed an opposition thereto. Rec. Doc. 10. Defendants then sought, and were granted leave, to file a reply memorandum. Rec. Doc. 13. For the reasons discussed below,

**IT IS ORDERED** that Defendants' motion (Rec. Doc. 8) is **GRANTED** and Plaintiff's claim for declaratory relief is **DISMISSED WITHOUT PREJUDICE.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts concerning the controversy between these parties have been thoroughly discussed in a related Order and Reasons. *See Numa C. Hero & Son, LLP v. Brit UW Ltd.*, No. 18-6470, Rec. Doc. 23 (E.D. La. Aug. 31, 2018). As concerns the instant motion, Plaintiff Brit UW Limited filed a complaint for declaratory judgment on April 11, 2018. *See* Rec. Doc. 1. Brit seeks a declaration that it "ha[s] no obligations under" a pair of insurance policies (referred to as

1

4S and 5S) "in connection with" a fire that destroyed a house in Belle Chasse, Louisiana. *Id.* ¶ 42. Brit argues that the property "is not a scheduled location entitled to coverage under" either insurance policy." *Id.* The Defendants are George Allen Hero, Patrick Hero dba Numa C. Hero & Son, Ltd., and Numa C. Hero & Son, LLP (Hero entities). *Id.* at 1.

On June 4, 2018, Numa C. Hero & Son, LLP (Hero LLP) filed a lawsuit in Louisiana state court against Brit and Erwin Insurance Agency.[1] Rec. Doc. 8-3. The state lawsuit asserts (1) a breach of contract claim against Brit for failing to pay a claim under the 4S policy for the fire that destroyed the house in Belle Chasse and, in the alternative, (2) a malpractice claim against Erwin for failing to procure proper fire insurance. *Id.* Also on June 4, 2018, the Hero entities filed the instant motion to stay or dismiss Brit's complaint for a declaratory judgment. *See* Rec. Doc. 8. Plaintiff opposes dismissal or a stay, arguing that the declaratory judgment it seeks would resolve issues distinct from those pending in the state lawsuit. Rec. Doc. 10.

**LAW AND ANALYSIS**

"When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All. Inc.*

---

[1] Brit removed the state lawsuit to federal court, but it has since been remanded to Civil District Court for the Parish of Plaquemines. *See Numa C. Hero & Son, LLP v. Brit UW Ltd.*, No. 18-6470, Rec. Doc. 23 (E.D. La. Aug. 31, 2018).

2

*v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The "court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003).

Plaintiff's declaratory action is partially justiciable. Plaintiff seeks a declaration that there is no "coverage under [] either the 4S or 5S Policy." Rec. Doc. 1 ¶ 42. "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Orix*, 212 F.3d at 896. "[A]n actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Id.* (internal quotation marks and alteration omitted). The pending state lawsuit alleges that the Belle Chasse property was covered by the 4S policy, but it contains no substantive allegations about the 5S policy. *See* Rec. Doc. 8-3 ¶ 12; *see also* Rec. Doc. 1 ¶ 2 (Brit alleges that the Hero entities made "a claim . . . under the 4S Policy."); Rec. Doc. 10 at 4 (Brit explains that the Hero entities "appear to seek coverage solely under the 4S Policy's Commercial Property Coverage."). In their reply memorandum, the Hero entities further explain that their state lawsuit only encompasses the 4S Policy because the Belle Chasse

3

property "is not scheduled or listed under Policy 5S." Rec. Doc. 13 at 9.

Brit's declaratory action is therefore justiciable with respect to the 4S policy, but not the 5S policy. The parties agree that the Hero entities have not made a claim under the 5S Policy and there are no other facts to suggest an immediate controversy between the parties regarding the 5S Policy. *See Orix*, 212 F.3d at 896-97 ("The threat of litigation" can form a ripe controversy when "specific and concrete," which requires the plaintiff in a declaratory action to show the anticipated litigation "is sufficiently likely to happen to justify judicial intervention."). Therefore, the claim for declaratory relief with respect to the 5S Policy is dismissed without prejudice for lack of subject matter jurisdiction. *See id.* at 898.

The Court must next determine whether it has authority to grant declaratory relief with respect to the 4S Policy. *See Sherwin-Williams*, 343 F.3d at 387. The Anti-Injunction Act prohibits a federal court from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "[W]hen a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the

requirements of the Anti-Injunction Act." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993). "Thus, as a general rule, [a] district court may not consider the merits of [a] declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." *Id.* Here, the state court lawsuit was filed *after* Plaintiff sought declaratory relief in this Court. Therefore, the Court has authority to grant declaratory relief with respect to the 4S Policy. *See Colony Ins. Co. v. Ambling Mgmt. Co.*, 965 F. Supp. 2d 783, 789 (S.D. Miss. 2013) ("Since no cause of action was pending against [the plaintiff] in state court at the time its federal complaint for declaratory relief was filed, the court does not lack authority to consider [plaintiff's] declaratory judgment compliant."); *Dresser, Inc. v. Lowery*, 320 F. Supp. 2d 486, 493 (W.D. La. 2004) (same); *see also Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 886 (5th Cir. 1993) (explaining that "by filing a state suit after a federal action has been filed, the state plaintiff can be viewed as attempting to use the state courts to interfere with the jurisdiction of the federal courts").

Turning to the third step of the *Orix* analysis, "[a] district court may decline to decide 'a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Sherwin-Williams*, 343 F.3d at 392 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). "The Fifth Circuit uses the *Trejo* factors to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit." *Sherwin-Williams*, 343 F.3d at 390 (referring to *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). The *Trejo* factors are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
>
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
>
> 3) whether the plaintiff engaged in forum shopping in bringing the suit,
>
> 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
>
> 5) whether the federal court is a convenient forum for the parties and witnesses, . . .
>
> 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and, . . .
>
> [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

39 F.3d at 590-91. The Fifth Circuit has subsequently grouped these factors into three higher-level considerations.

These considerations are "the proper allocation of decision-making between state and federal courts," "fairness," and "efficiency." *Sherwin-Williams*, 343 F.3d at 390-91. With respect to the first consideration, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion" not to hear the declaratory judgment action. *Id.* The second consideration attempts to "distinguish between legitimate and improper reasons for forum selection." *Id.* at 391. The third consideration reflects the fact that "federal district court[s] should avoid duplicative or piecemeal litigation where possible." *Id.* The goal is to prevent "duplicative effort in state and federal courts" and minimize the risk of "inconsistent state and federal court judgments, especially in cases involving state law issues." *Id.*

Applying this framework to Brit's complaint for a declaratory judgment, it is clear that the Court should decline jurisdiction over Brit's claim regarding the 4S Policy. First, there is a sufficiently similar lawsuit pending in Louisiana state court and one questions of state law are at issue. *See, e.g.*, *Steadfast Ins. Co. v. Picke Constr. Corp.*, No. 10-3286, 2011 WL 1303144, at *3-5

7

(E.D. La. Mar. 30, 2011); *Landmark Am. Ins. Co. v. Cat & Dog, Inc.*, No. 09-7496, 2010 WL 3398890, at *2-4 (E.D. La. Aug. 24, 2010); *see also Sherwin-Williams*, 343 F.3d at 394 n.5. The state lawsuit alleges that Brit is contractually obligated, under the 4S Policy, to make payment on a claim for loss suffered from the fire at the Belle Chasse property. *See* Rec. Doc. 8-3 ¶¶ 10-18. The federal action for declaratory judgment seeks a declaration that Brit is not obligated by the 4S Policy to pay a claim for loss suffered from the fire at the Belle Chasse property. *See* Rec. Doc. 1 ¶ 42. Therefore, the state lawsuit will resolve the only justiciable question raised in the federal lawsuit, which supports declining jurisdiction.[2]

Brit argues that the state court case "lacks an identity of parties and issues" and so is not truly parallel to the declaratory judgment action. *See* Rec. Doc. 10 at 8-15. Specifically, Brit argues that the state and federal actions are different because (1) the federal action seeks a declaration as to both the 4S and 5S Policies, whereas the state lawsuit only relates to the 4S Policy; (2) Patrick Hero dba Numa C. Hero & Son, Ltd. is not a party to the state lawsuit; and (3) Erwin is a party to the state lawsuit, along with the associated malpractice claim. *See id.* But

---

[2] As discussed previously, Plaintiff's claim for declaratory relief with respect to the 5S Policy is not ripe because no claim has been made under that policy and no facts suggest that such a claim is imminent.

these differences are not sufficient to warrant proceeding in both state and federal courts at the same time. "If there is a pending state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute." *Sherwin-Williams*, 343 F.3d at 394 n.5. "[F]undamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort." *Dresser*, 320 F. Supp. 2d at 494.

Here, the state and federal lawsuits are sufficiently similar, such that the state court should resolve the dispute. First, Plaintiff's claim in the federal action regarding the 5S Policy is not ripe and cannot form the basis for denying the instant motion to dismiss. The critical issue of whether the Belle Chase property was covered by the 4S Policy is directly raised in both the state and federal lawsuits. *See* Rec. Docs. 1, 8-3.

Second, the different nomenclatures of the Hero & Son entities appear to be the result of clerical errors, and do not indicate that the state and federal cases actually involve different

parties.[3] *See* Rec. Docs. 10 at 8-9, 13 at 7. More importantly, the presence of Patrick Hero dba Numa C. Hero & Son, Ltd. as a party in the federal action does not change the fact that the state lawsuit will answer the fundamental question of whether the Belle Chasse property is covered by the 4S Policy. *See* Rec. Doc. 8-3. This is especially true because the dispute about coverage appears to turn on whether the Belle Chasse property is "listed as a scheduled location under any coverage part under the 4S Policy." Rec. Doc. 1 ¶ 23; *see also* Rec. Doc. 8-3 ¶¶ 11-12 (explaining that "Brit denied the claim averring that the Property and Residence were not listed as a scheduled location under any coverage part of either policy" and alleging that "the location of the Property and Residence (under construction) are in fact listed in [the 4S] policy"). The coverage dispute therefore appears to turn on the interpretation of the 4S Policy, a task that the state court is well-equipped to handle in the action brought by Hero LLP.

Third, the inclusion of Erwin as a party to the state action will not interfere with the state court's ability to adjudicate the dispute between Brit and the Hero entities about coverage under the 4S policy. Rather, as discussed subsequently, it makes the

---

[3] The Hero entities assert that Numa C. Hero & Son, Ltd. does not exist as a legal entity. *See* Rec. Doc. 13 & n.2. It would not be efficient to assume jurisdiction over a federal action for declaratory judgment to decide whether a fictitious entity possesses insurance coverage.

10

state action a more efficient way to adjudicate all of the claims that have arisen from the fire at the Belle Chasse property. Accordingly, the state lawsuit is sufficiently parallel to the federal declaratory judgment action to warrant declining jurisdiction.

Fairness, which is the second consideration, incorporates the second, third, and fourth *Trejo* factors. *See Sherwin-Williams*, 343 F.3d at 391-92. This consideration recognizes that "[d]eclaratory judgment actions often involve the permissible selection of a federal forum over an available state forum, based on the anticipation that a state court suit will be filed." *Id.* at 398. Accordingly, courts must look out for "impermissible forum shopping," such as where a plaintiff files a declaratory judgment suit to "change the law that would apply." *Id.* at 399-400. There is no indication that Brit filed the instant complaint for a declaratory judgment for improper purposes; regardless of whether the claims are heard in federal or state court, Louisiana law will apply. Therefore, the fairness consideration is neutral in this case.

Efficiency, which is the third consideration, incorporates the fifth and sixth *Trejo* factors. *See Sherwin-Williams*, 343 F.3d at 392. Efficiency weighs in favor of declining jurisdiction over the declaratory action because the malpractice claim against Erwin can only be adjudicated in state court. *See Numa C. Hero & Son,*

11

*LLP v. Brit UW Ltd.*, No. 18-6470, Rec. Doc. 23 (E.D. La. Aug. 31, 2018). While both state court and this Court would be equally convenient for the parties, litigating the case in federal court and in state court will not promote judicial economy. Instead, it will lead to duplicative litigation and potentially inconsistent rulings on questions of state law, two outcomes that should be avoided. *See Sherwin-Williams*, 343 F.3d at 391. Conversely, by declining to exercise jurisdiction over the federal declaratory judgment suit, the state court can address all of the claims that arise from the 4S Policy. This furthers the goal of efficiency. *See Landmark*, 2010 WL 3398890, at *4.

On balance the *Trejo* factors indicate that the Court should decline to exercise jurisdiction over this federal declaratory judgment action.[4] Two considerations—the proper allocation between federal and state courts, and efficiency—weigh in favor of declining jurisdiction. The instant dispute involves questions of state law and the state court action will better address all of the related legal questions. Litigation in state court will also be more efficient because the state court has jurisdiction over

---

[4] The seventh Trejo factor is not applicable because this case does not require interpretation of a prior judicial decree. *See Trejo*, 39 F.3d at 591.

the non-diverse defendant. The final consideration—fairness—is neutral, and so defers to the other two considerations.

New Orleans, Louisiana, this 31st day of August, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE